UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DIPONIO CONSTRUCTION CO., INC.,**

  **Plaintiff,**          CASE NO. 10-CV-10607

vs.               DISTRICT JUDGE JOHN FEIKENS

**INTERNATIONAL UNION OF**    MAGISTRATE JUDGE MONA K. MAJZOUB
**BRICKLAYERS AND ALLIED**
**CRAFTWORKERS LOCAL 9**

  **Defendant.**
  _____/

## ORDER GRANTING NATIONAL LABOR RELATIONS BOARD'S MOTION TO INTERVENE (DOCKET NO. 21)

This matter comes before the Court on a Motion to Intervene filed by the National Labor Relations Board. (Docket no. 21). The motion is fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 12). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff filed this action on February 11, 2010 seeking a declaratory judgment that it properly terminated its collective bargaining agreement with the Defendant Union. On March 2, 2010 Plaintiff amended its Complaint to add a breach of contract claim. (Docket no. 8). Plaintiff alleges that it voluntarily signed a collective bargaining agreement under § 8(f) of the National Labor Relations Act, 29 U.S.C. § 158(f), without a majority of its employees supporting Union recognition or voting to recognize the Union. Plaintiff claims that on or around July 31, 2009 the Union filed a Charge with the National Labor Relations Board complaining that Plaintiff had

1

engaged in an unfair labor practice by failing to bargain for a new contract. Plaintiff asserts that it has no obligation to bargain because it properly terminated its collective bargaining agreement. It further alleges that the Union breached its duties owed to Plaintiff under the collective bargaining agreement by failing to honor Plaintiff's contract termination.

On April 21, 2010 the NLRB filed the instant motion to intervene under Federal Rule of Civil Procedure 24(a). The NLRB argues that Plaintiff seeks to have this Court decide questions over which it has asserted jurisdiction in the pending unfair labor practices proceeding. It further states that without intervention, its interests in protecting the public interest, seeking uniform application of federal labor laws, and preserving the NLRB's jurisdictional integrity will not be adequately represented.

Federal Rule of Civil Procedure 24(a) governs intervention as of right and provides in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may . . . impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Court must consider four factors in determining a motion to intervene as of right: (1) whether the motion to intervene is timely; (2) whether the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) whether the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) whether the parties already before the court may not adequately represent the proposed intervenor's interest."
*United States v. Michigan,* 424 F.3d 438, 443 (6th Cir. 2005). "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991) (citations omitted).

The Court finds that the NLRB's Motion to Intervene should be granted. The Motion to Intervene is timely. In addition, the NLRB has demonstrated that it has a legal interest in this action which has at least the potential for inadequate representation if intervention is not allowed. The issues in this action overlap with and may conflict with the issues raised in the NLRB Complaint. The Court is not persuaded by Plaintiff's objections to the motion. (Docket no. 27). Having fully considered the NLRB's motion and Plaintiff's objections thereto, the Court finds that the NLRB has made the necessary showing to allow intervention under Rule 24(a)(2). Accordingly, the NLRB's Motion to Intervene is **GRANTED**.

**IT IS THEREFORE ORDERED** that the Motion to Intervene filed by the National Labor Relations Board (docket no. 21) is **GRANTED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 10, 2010        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: June 10, 2010        s/ Lisa C. Bartlett
                            Case Manager