UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DIPONIO CONSTRUCTION CO., INC.,**

      Plaintiff,                       CASE NO. 10-CV-10607

vs.                                           DISTRICT JUDGE JOHN FEIKENS

**INTERNATIONAL UNION OF**          MAGISTRATE JUDGE MONA K. MAJZOUB
**BRICKLAYERS AND ALLIED**
**CRAFTWORKERS LOCAL 9**

      Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Defendant Union and Intervenor National Labor Relations Board's ("NLRB's") Motions to Dismiss (docket nos. 6, 22) be **GRANTED**.

In light of the above recommendation, and because the Court should defer to the judgment of the NLRB in this matter, Plaintiff's Motion for Summary Judgment should be **DENIED AS MOOT**. (Docket no. 4).

**II.    REPORT**:

These matters come before the Court on the Motion for Summary Judgment filed by the Plaintiff (docket no. 4), and the Motions to Dismiss filed by Defendant Union and Intervenor NLRB (docket nos. 6, 22). The motions are fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 12). The Court heard oral argument on the motions on June 21, 2010. These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Procedural History and Claims**

Plaintiff filed this action on February 11, 2010 seeking a ruling that they properly terminated their collective bargaining agreement and no longer have a contract with the Defendant Union. Plaintiff alleges that they signed a collective bargaining agreement under § 8(f) of the National Labor Relations Act, 29 U.S.C. § 158(f), without a majority of their employees supporting Union recognition or voting to recognize the Union. They claim that on or around July 31, 2009 the Union filed a Charge with the NLRB complaining that Plaintiff had engaged in an unfair labor practice as a § 9(a) employer by failing to bargain for a new contract. Plaintiff asserts that as a § 8(f) employer it has no obligation to bargain for a new contract, and that it properly terminated its collective bargaining agreement. (Docket no. 8).

The record shows that General Counsel of the Labor Board filed an unfair labor practice Complaint against Plaintiff on February 16, 2010. (Docket no. 6, Ex. 3). One week later, on February 22, 2010, Plaintiff filed a Motion for Summary Judgment with this Court. (Docket no. 4). Defendant Union then filed a Motion to Dismiss, on the grounds that this Court lacks jurisdiction to declare whether Plaintiff has bargaining duties under the National Labor Relations Act. (Docket no. 6). On March 2, 2010, Plaintiff amended their Complaint to add a breach of contract claim. (Docket no. 8). Plaintiff claims that the Union breached its duties owed to Plaintiff under the collective bargaining agreement by failing to honor Plaintiff's contract termination and by attempting to force Plaintiff to bargain for a new contract. (Docket no. 8).

On April 21, 2010, the NLRB filed a Motion to Intervene, which this Court granted (docket nos. 21, 30), and a Motion to Dismiss (docket no. 22). The parties and Intervenor NLRB appeared before the Court for oral argument on the motions on June 21, 2010.

**B. Standard of Review**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction. *Id*.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

**C. Analysis**

Defendant Union and Intervenor NLRB assert that the district court lacks jurisdiction to address the issues in Plaintiff's Complaint under the *Garmon* preemption doctrine. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). Defendant Union also asserts that the Declaratory Judgment Act, 28 U.S.C. § 2201, does not serve as an independent basis for federal subject matter jurisdiction. The NLRB further argues that in the unlikely event that Plaintiff has asserted a colorable breach of contract claim in Count II of the Amended Complaint, the Court should defer to the Board and should decline to exercise jurisdiction over this action. In contrast, Plaintiff contends that the allegations in his Amended Complaint fall squarely within the scope of § 301 of the Labor Management Relations Act, which confers jurisdiction on federal courts over

3

"[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

The NLRB has exclusive jurisdiction to decide claims involving unfair labor practices. *Storey v. Local 327, Intern. Broth. of Teamsters*, 759 F.2d 517, 520 (6th Cir. 1985). When an activity is protected by § 7 of the National Labor Relations Act, or arguably constitutes an unfair labor practice under § 8, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board. *Id*. at 521 (citing *Garmon*, 359 U.S. at 245). Section 8(a)(5) of the NLRA makes it an unfair labor practice for an employer to refuse to bargain collectively with the representatives of his employees.

Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), provides an exception to the rule that the NLRB has exclusive jurisdiction over controversies involving rights guaranteed by the National Labor Relations Act. "Section 301 specifically created jurisdiction in the district courts to hear suits for violation of collective bargaining agreements and contracts" between employers and labor organizations. *Storey*, 759 F.2d at 522.

In determining whether a claim is preempted, the court must focus on the conduct being regulated, not the formal description of the claim. *Amalgamated Ass'n. of St., Elec. Ry. and Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 292 (1971). "[T]he essence of the complaint must involve some sort of interference with or coercion involving the right to organize and bargain collectively to fall within section 7 or 8 of the NLRA." *Interior/Exterior Specialist Co. v. Local 334 of Laborers*, No. 06-14154, 2007 WL 851771. at *4 (E.D. Mich. March 21, 2007).

In those cases where a party's conduct gives rise to both a charge of an unfair labor practice under the NLRA and a claimed breach of a collective bargaining agreement under § 301, the NLRB

4

and the district court share concurrent jurisdiction. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004) (citations and quotation marks omitted). Ordinarily, federal courts defer to the judgment of the NLRB in actions which involve an actual or arguable violation of § 8 of the NLRA. *Laborers Health and Welfare Trust Fund for Northern Cal. v. Adv. Lightweight Concrete Co., Inc.*, 484 U.S. 539, 552 (1988)(citing *Garmon*, 359 U.S. at 245).

Count I of Plaintiff's Amended Complaint states that Plaintiff had no obligation to bargain for a new contract because it properly terminated its collective bargaining agreement under § 8(f) of the NLRA. Plaintiff seeks a ruling determining whether a contract exists between Plaintiff and the Union. (Docket no. 8). There is no dispute among the parties that the collective bargaining agreement has expired. Plaintiff seeks to have the Court determine that their relationship with the Union was governed by § 8(f) of the NLRA rather than by § 9(a) of the NLRA. The substance of this request is to clarify whether Plaintiff had a continuing duty to bargain with the Defendant Union. The Court should find that the NLRB has exclusive jurisdiction over Count I of Plaintiff's Complaint

Count II of Plaintiff's Amended Complaint alleges an action for breach of contract under § 301 of the Labor Management Relations Act. Plaintiff contends that the Defendant Union breached its duties under the collective bargaining agreement by failing to honor Plaintiff's termination of the contract, and by attempting to force Plaintiff to bargain for a new contract. The Court should find that it lacks jurisdiction over this claim. Even if the Court concludes that the Complaint raises a colorable breach of contract claim, it should decline to exercise jurisdiction over this matter and instead defer to the jurisdiction and expertise of the NLRB. *See Intern. Broth. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers v. Olympic Plating Indus., Inc.*,

870 F.2d 1085, 1089 (6th Cir. 1989) (in cases "where the Board's resolution of non-contractual issues could also resolve the controversial breach of contract claims brought under § 301, the federal courts should decline to exercise jurisdiction over the contractual allegations.").

The NLRB has asserted jurisdiction over the pending unfair labor practice proceeding for the purpose of determining whether Plaintiff committed an unfair labor practice by failing to bargain with the Defendant Union for a new collective bargaining agreement. There is a substantial risk for conflicting findings by the NLRB and this Court related to the issues raised in Plaintiff's Complaint. Accordingly, Defendant Union and Intervenor NLRB's Motions to Dismiss should be **GRANTED**, and Plaintiff's Complaint should be dismissed. The Court should decline to reach the merits of Plaintiff's Motion for Summary Judgment, and should **DENY** that motion as **MOOT**.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 23, 2010                         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

     I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: June 23, 2010                         s/ Lisa C. Bartlett
                                             Case Manager