UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DIPONIO CONSTRUCTION CO., INC.,**

      **Plaintiff,**                       **CASE NO. 10-CV-10607**

vs.                                  **DISTRICT JUDGE JOHN FEIKENS**

**INTERNATIONAL UNION OF**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**BRICKLAYERS AND ALLIED**
**CRAFTWORKERS LOCAL 9**

      **Defendant.**
_____/

### ORDER DENYING DEFENDANT UNION'S MOTION FOR SANCTIONS
### (DOCKET NO. 14)

This matter comes before the Court on the Motion for Sanctions filed by the Defendant Union. (Docket no. 14). The motion is fully briefed. All pretrial matters have been referred to the undersigned for action. (Docket no. 12). The Court heard oral argument on the motion on June 21, 2010. This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

The parties to this action disagree over whether the Court has jurisdiction to decide Plaintiff's claims. On June 23, 2010 this Court entered a Report and Recommendation, recommending that Defendant's and Intervenor's Motions to Dismiss be granted and Plaintiff's Complaint be dismissed. The Court found that the substance of Plaintiff's allegations concerned whether Plaintiff had a continuing duty to bargain with the Defendant Union after the collective bargaining agreement expired, matters over which the NLRB had exercised its jurisdiction. In the instant motion, Defendant Union seeks sanctions, including attorney fees and costs from Plaintiff's attorneys, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent powers, for filing claims which Defendant contends were designed to circumvent the NLRB's jurisdiction

1

and cause needless expense to Defendant Union. (Docket no. 14).

Plaintiff filed this action on February 11, 2010 seeking a ruling that they properly terminated their collective bargaining agreement and no longer have a contract with the Defendant Union. Five days later, on February 16, 2010, the Labor Board's General Counsel filed an unfair labor practice ("ULP") charge against the Plaintiff. (Docket no. 6, Ex. 3). Despite the ULP charge, Plaintiff continued to pursue this action in this court, filing a motion for summary judgment on February 22, 2010, and arguing that this Court has jurisdiction to resolve what it claims is a breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act. Defendant argues that they repeatedly informed the Plaintiff to no avail that their claims were meritless and that Plaintiff's action falls within the exclusive jurisdiction of the NLRB. Defendant requests attorney fees in the amount of $6,593.75, based on approximately fifty-two hours billed at a rate of $125 per hour for time they spent defending against what they consider to be a frivolous action.

The purpose of Rule 11 is to deter attorneys from making baseless filings in district court and thus streamline the judicial process. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In the Sixth Circuit, Rule 11 permits this Court to impose sanctions against an attorney or party who has filed and signed a pleading, motion or other paper if it was filed for any improper purpose and it had no basis in law or fact. *Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996). "The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Id.* The imposition of sanctions for Rule 11 violations is discretionary, not mandatory.

As a preliminary matter, the record shows that Defendant Union has satisfied the safe harbor

provision of Rule 11, which requires the moving party to first serve the motion on the offending party for a period of at least 21 days, then file the motion with the court. Fed. R. Civ. P. 11(c)(2). (Docket no. 7, 14). The Court finds that Rule 11 sanctions are not warranted in this case. The Court has jurisdiction over claims based on violations of a contract under § 301 of the Labor Management Relations Act. The Court also has concurrent jurisdiction with the NLRB over claims which give rise to both a charge of an unfair labor practice under the NLRA and a claimed breach of a collective bargaining agreement under § 301. Plaintiff advanced both of these arguments. While the Court was not persuaded by Plaintiff's attempt to present this case as a breach of a collective bargaining action, it is not clear that Plaintiff's filings are so lacking in any legal or factual basis as to warrant sanctions against Plaintiff's counsel under Rule 11.

Defendant Union also seeks sanctions under 28 U.S.C. § 1927 and this Court's inherent powers. 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "The unavailability of Rule 11 sanctions in the present case does not rule out the possibility that attorney fees [may be] properly assessed against [Plainitff's] counsel pursuant to 28 U.S.C. § 1927." *Mabbitt v. Midwestern Audit Serv., Inc.*, No. 07-11550, 2008 WL 1840620, at *2 (E.D. Mich. Apr. 23, 2008). Absent bad faith, there "must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Riddle v. Egensperger,* 266 F.3d 542, 553 (6th Cir. 2001) (citation

omitted).

The Court concludes that § 1927 sanctions are not appropriate. It appears that Plaintiff believes that they have a valid argument concerning breach of the collective bargaining agreement. The fact that Plaintiff may not prevail on their claims does not warrant § 1927 sanctions. This matter was filed only four months ago. Motions have been filed by both parties. The Court cannot, however, find that the Plaintiff has unreasonably and vexatiously multiplied the proceedings in this case, or clearly fallen short of obligations owed to a member of the bar. Accordingly, the Court declines to award sanctions against Plaintiff.

**IT IS THEREFORE ORDERED** that Defendant Union's Motion for Sanctions (docket no. 14) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 23, 2010　　　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 23, 2010　　　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　　Case Manager