UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>I</small>P<small>ONIO</small> C<small>ONSTRUCTION</small> C<small>O</small>., I<small>NC</small>.,      Case No. 10-10607

       Plaintiff,     S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small>
    D<small>ISTRICT</small> J<small>UDGE</small>
v.     A<small>RTHUR</small> J. T<small>ARNOW</small>

I<small>NTERNATIONAL</small> U<small>NION OF</small> B<small>RICKLAYERS</small>
<small>AND</small> A<small>LLIED</small> C<small>RAFTWORKERS</small> - L<small>OCAL</small> 9,

       Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [44]

Before the Court is Plaintiff's Motion for Reconsideration [44] brought pursuant to Local Rule 7.1. The rule provides that:

> [g]enerally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must . . . demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local R. 7.1(h)(3); *see also Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case."). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res. Inc. v. United*

*States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

A party may not utilize a motion for reconsideration "to introduce new legal theories for the first time, to raise legal argumentation which could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion." *See Tkach v. Stonepath Logistics Servs., et al.*, 2005 U.S. Dist. LEXIS 44354 at *2 (E.D. Mich. 2005).

Plaintiff's motion offers arguments this Court previously rejected. Plaintiff has not shown that there was an "obvious, clear, unmistakable, manifest or plain" error in either dismissing the case for lack of subject matter jurisdiction or in granting the Rule 11 sanctions, the Court declines to reconsider that ruling. *See Hansmann*, 326 F.3d at 767.

To the extent any new arguments are raised, Plaintiff has failed to demonstrate why those arguments could not have been previously offered. "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *See Smith v. Mount Pleasant Pub. Schs*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). Plaintiff has not shown that arguments could not have been raised previously. Therefore,

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [44] is **DENIED**.

**SO ORDERED.**

        S/ARTHUR J. TARNOW
        Senior United States District Judge

Dated: December 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 23, 2010, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Relief Case Manager